**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-00261-SEP |
| | ) | |
| GREGORY N. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff DeAndre Walton's application to proceed in district court without prepayment of fees and costs, Doc. [6].  Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court denies the application.  Plaintiff must pay the full filing fee to maintain this action.

### 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Commonly known as the "three strikes" rule, § 1915(g) has withstood multiple constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Three civil actions brought by Plaintiff have been dismissed as frivolous or malicious, or for failure to state a claim.  *See e.g.*, *Walton v. City of St. Louis Just. Ctr., et al.*, No. 4:24-cv-299-RHH (E.D. Mo. filed Mar. 7, 2025); *Walton v. State of Missouri, et al.*, No. 4:24-cv-396-ACL (E.D. Mo. filed June 6, 2024); *Walton v. Keen*, No. 4:24-cv-537-NCC (E.D. Mo. filed June 12, 2024).  Therefore, the Court cannot permit Plaintiff to proceed *in forma pauperis* absent "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### THE COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against his criminal defense attorney, Gregory N. Smith, arising out of his representation of Plaintiff in the Circuit Court for the City of

St. Louis.  *See* Doc. [1].  Plaintiff alleges Defendant violated his professional duty and engaged in misconduct and conflicts of interest during his representation.  *Id.*  Plaintiff seeks punitive damages of $154,000 and compensatory damages of $800 per day for the days he alleges Defendant was ineffective.  *Id.* at 11.

### DISCUSSION

Plaintiff has not alleged imminent danger of serious physical injury.  The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).  Here, Plaintiff alleges his attorney engaged in misconduct in a criminal action prosecuted in 2024.  None of the allegations suggests that Plaintiff is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Because the Complaint does not fall within the exception to § 1915(g), the Court will deny the application to proceed in district court without prepayment of fees and costs.  Unless Plaintiff pays the $405 filing fee within 30 days of the date of this Order, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs, Doc. [6], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 statutory filing fee **within 30 days** of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that, if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 27th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

- 2 -